UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY HILL,

    Plaintiff,

v.

                              Case No. 22-cv-10684
                              Honorable Linda V. Parker

OAK STREET HEALTH MSO LLC,

    Defendant.

_____ /

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (ECF NO. 26)

On March 30, 2022, Plaintiff Timothy Hill ("Plaintiff") filed a six-count complaint against Defendant Oak Street Health MSO LLC ("Defendant") alleging: (I) gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); (II) discrimination/harassment on the basis of sex/gender in violation of the Michigan Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 *et seq.* ("ELCRA"); (III) race discrimination in violation of Title VII; (IV) race discrimination in violation of the ELCRA; (V) retaliation in violation of Title VII; and (VI) retaliation in violation of the ELCRA.

On September 22, 2022, Defendant move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12.) On June 27, 2023, the Court issued an opinion and order granting in part and denying in part

Defendant's motion. (ECF No. 19). Specifically, the Court dismissed Counts I and III as time barred and Counts II and IV for failure to state a claim. Counts V and VI survived. On July 25, 2023, Plaintiff filed a motion for reconsideration. (ECF No. 26.) The Court is denying the motion because it is untimely.

## Applicable Standard & Analysis

On December 1, 2021, the Eastern District of Michigan amended Local Rule 7.1(h), which lays out the procedures and standards for motions for reconsideration. The standard for a motion to reconsider a final order is now different than the standard for a motion to reconsider a non-final order. E.D. Mich. LR 7.1(h). Reconsideration of final orders must be sought under Federal Rules of Civil Procedure 59(e) or 60(b). *See id.* 7.1(h)(1). Motions filed pursuant to Rule 59(e) must be filed no later than 28 days after entry of a judgment. *See* Fed. R. Civ. P. 59(e). Rule 60(b) motions must be filed "within a reasonable time" and, in some cases, "no more than a year after the entry of the judgment or order[.]" Fed. R. Civ. P. 60(c).

Plaintiff is not seeking reconsideration of a "final order," however. This is because the decision at issue did not dismiss all of Plaintiff's claims and the Court did not issue a judgment or otherwise close the case. As such, Plaintiff's motion is subject to Local Rule 7.1(h)(2). However, such motions "are disfavored" and,

more significantly, "must be filed within 14 days after entry of the order" for which reconsideration is sought. *Id.*

As indicated, the Court granted in part and denied in part Defendant's motion to dismiss on June 27, 2023. (ECF No. 19.) Plaintiff filed his motion for reconsideration 28 days later on July 25, 2023, 14 days after the deadline to seek reconsideration expired.

"A district court is without power to enlarge the time for making motions for reconsideration of their orders." *Meeks v. Mich. Dep't of Corrs.*, No. 19-12506, 2020 WL 6161263, at *1 (E.D. Mich. Oct. 21, 2020) (citing *Denley v. Shearson/American Express, Inc.*, 733 F.2d 39, 41 (6th Cir. 1984)) (dismissing motion for reconsideration as untimely when it was filed thirteen days after deadline).

## Conclusion

For the reasons set forth above, the Court denies Plaintiff's motion for reconsideration as untimely.

**SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: January 9, 2024