UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY HILL,

                    Plaintiff,                    Case No. 2:22-cv-10684

v.                                                Honorable Susan K. DeClercq
                                                  United States District Judge

OAK STREET HEALTH MSO LLC,

                    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION (ECF No. 57)**

In March 2022, Plaintiff Timothy Hill sued his former employer, Defendant

Oak Street Health MSO LLC (OSH) for sex and race discrimination, a hostile work

environment on the basis of sex, and retaliatory termination. ECF No. 1. Hill's

discrimination and hostile-work-environment claims were dismissed in June 2023,

ECF No. 19, so only his retaliation claims proceeded through discovery, *see* ECF

No. 22.

After the close of discovery, OSH filed a motion for summary judgment, ECF

No. 46. In September 2025, this Court granted the motion, finding that Hill had not

established a prima facie case of retaliation because only two of his three complaints

met the legal definition of a protected activity for a retaliation claim, and "there [was]

no question of fact that those involved in deciding to fire [Hill] had no knowledge

of the only complaint that qualifie[d] as a protected activity.".  ECF No. 55 at

PageID.738.

Now, Hill seeks reconsideration of this Court's order granting summary

judgment in favor of OSH under Civil Rule 59(e). ECF No. 57.

## I. LEGAL STANDARD

"Parties seeking reconsideration of final orders or judgments must file a

motion under Federal Rule of Civil Procedure 59(e) or 60(b)." E.D. Mich LR

7.1(h)(1). Under Civil Rule 59(e), a party may file a "motion to alter or amend a

judgment" within 28 days after entry of judgment. FED. R. CIV. P. 59(e). "[T]he

purpose of Rule 59 is to allow the district court to correct its own errors, sparing the

parties and appellate courts the burden of unnecessary appellate proceedings." *York

v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988) (internal quotation marks and citation

omitted).

The grounds for altering or amending a judgment under Rule 59(e) are limited.

"A district court may grant a Rule 59(e) motion only to (1) correct a clear error of

law, (2) account for newly discovered evidence, (3) accommodate an intervening

change in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v.

Coffee Cnty., TN*, 402 F. App'x 107, 108 (6th Cir. 2010) (citing *GenCorp., Inc. v.

Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

## II. DISCUSSION

Hill's motion for reconsideration is a house of cards resting on the foundational assertion that this Court "made an improper ruling[] of fact" when it determined that two of Hill's alleged complaints were not protected activities as a matter of law. ECF No. 57 at PageID.769. According to Hill, because neither party challenged whether Hill's January 2020 and March 2020 complaints were protected activities in the summary judgment briefing, this Court should not have waded into the issue at all. *Id.*

But, absent underlying factual disputes about a complaint, whether a complaint is a protected activity for the purposes of a retaliation claim is inherently a question of law for this Court to resolve at summary judgment. *Cf. Fritze v. Nexstar Broad., Inc.*, No. 1:18-CV-1313, 2020 WL 13682746, at *7 (W.D. Mich. July 13, 2020), *aff'd* 847 F. App'x (6th Cir. 2021) (determining, as a matter of law, whether the plaintiff's activities qualified as protected activities under Michigan's Whistleblower Protection Act); *see also Mattera v. JPMorgan Chase Corp.*, 740 F. Supp. 2d 561, 579 (S.D.N.Y. 2010) ("[W]hether a particular activity is 'protected' is a question of law; whether the plaintiff engaged in that activity is a question for the jury."). This Court did not weigh credibility determinations to determine whether Hill made complaints in January and March 2020. It simply applied the law of retaliation claims to the facts of this case and determined that Hill's January and

March 2020 complaints were not protected activities under the relevant law. At bottom, it was not clear error for this Court to apply the law to the undisputed facts of this case to resolve a question of law.

From here, the rest of Hill's arguments for reconsideration start to crumble. Indeed, his arguments rest on the assumption that his January 2020 and March 2020 complaints were protected activities. *See* ECF No. 57 at PageID.766–68.

First, Hill asserts that this Court ignored evidence that Tiffani Hallum and Demario Trent were aware of Hill's previous complaints. *See id.* at PageID.766–68. But—as this Court concluded in its opinion and order granting OSH's motion for summary judgment—the record contained no evidence that Hallum or Trent were aware of Hill's *August 2020* complaint, only that they were aware of his January 2020 and March 2020 complaints. *See* ECF No. 55 at PageID.754–55. And neither of the complaints of which Hallum and Trent were aware qualified as protected activities. *See id.* (noting that "Hill did not point to a single piece of evidence showing that either Hallum" or Trent were aware of the August 2020 complaint). In this way, it was not clear error for this Court to conclude that Hallum and Trent did not know about Hill's only August 2020 complaint.

Next, Hill attempts to argue that this Court erred by not considering evidence showing that OSH's corporate Human Resources department made the decision to fire Hill. *See* ECF No. 57 at PageID.767. But Hill himself admits the evidence he

relies on was not before the Court on summary judgment because he "only produced the portion of the email reflecting the local request, omitting the response showing corporate-level approval." *Id.* But Hill could have provided this evidence in his response, and he did not do so. So it was not clear error for this Court to not consider evidence that was not provided. Nor can this be considered newly discovered evidence, since Hill clearly possessed this evidence at the time of the motion briefing.

At bottom, Hill has not shown that he is entitled to reconsideration under Civil Rule 59(e) because there is no clear error in this Court's September 2025 Opinion and Order granting OSH's motion for summary judgment. Accordingly, Hill's motion will be denied.

### III. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 57, is **DENIED**.

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: May 6, 2026

- 5 -